**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **JOHN JONES,** ) <br> ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **JASON A. CRAIG AND ASSOCIATES,** ) <br> **P.C.,** ) <br> ) <br> **Defendant.** ) <br> ) | **CIVIL ACTION NO. 5:18-CV-207 (MTT)** |

## ORDER

Defendant Jason A. Craig and Associates, P.C. has moved for judgment on the pleadings seeking dismissal of Plaintiff John Jones' complaint. For the following reasons, the motion (Doc. 11) is **DENIED**.

## I. BACKGROUND

On July 11, 2017, the Defendant sent a letter to the Plaintiff, attempting to collect a debt that the Plaintiff owed. Doc. 1 ¶¶ 12, 17, 20. The letterhead reads "JASON A. CRAIG & ASSOCIATES, ATTORNEYS AT LAW," and the letter is signed by the "COLLECTION DEPARTMENT OF JASON A. CRAIG & ASSOCIATES." Doc. 1-1. The top right-hand corner of the letter shows the client name as Extremity Healthcare, Inc. and the debt amount as $54.61. *Id.* Further, the letter reads, in relevant part:

> This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose. At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. However, if you fail to contact our office, our client may consider remedies to recover the balance due, which will include attorney review of your account. In this case this office is acting as a debt collector and not as an attorney.

*Id.* Based on the information contained in the letter, the Plaintiff "believed Defendant was a law firm composed of many attorneys." Doc. 1 ¶ 28.

The Plaintiff later learned that, on the date the letter was delivered, "the only lawyer associated full time with the Defendant was Jason A. Craig." *Id.* ¶ 23. According to the Plaintiff, the Defendant did not have any other shareholders, partners, or full-time associates, and only Jason A. Craig was covered by the Defendant's malpractice insurance. *Id.* ¶¶ 24-25.

On June 7, 2018, the Plaintiff filed a complaint, alleging the Defendant used a false and misleading name—Jason A. Craig & Associates, Attorneys at Law—to intimidate the Plaintiff into paying a debt in violation of the Fair Debt Collection Practices Act ("FDCPA"). *See generally* Doc. 1. The Defendant moved for judgment on the pleadings, arguing that (1) its name is not false because the name was duly registered with the Georgia Secretary of State at the time the letter was sent, and that (2) the name, even if deceptive or misleading, was not material. *See generally* Doc. 11-1.

## II. DISCUSSION

### A. Legal Standard under Rule 12(c)

Pursuant to Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "Judgment on the pleadings is appropriate when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Douglas Asphalt Co. v. Qore, Inc.,* 541 F.3d 1269, 1273 (11th Cir. 2008) (citing *Cannon v. City of W. Palm Beach,* 250 F.3d 1299, 1301 (11th Cir. 2001)). "A motion for judgment on the

pleadings is subject to the same standard as is a Rule 12(b)(6) motion to dismiss." *Provident Mut. Life Ins. Co. of Philadelphia v. City of Atlanta,* 864 F. Supp. 1274, 1278 (N.D. Ga. 1994).

To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), and therefore also a Rule 12(c) motion for judgment on the pleadings, a complaint must contain sufficient factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Garfield v. NDC Health Corp.,* 466 F.3d 1255, 1261 (11th Cir. 2006) (quotation marks and citation omitted). However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show [n]'—'that the pleader is entitled to relief.'" *Iqbal,* 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis,* 297 F.3d 1182, 1188 (11th Cir. 2002). The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly,* 550 U.S. at 555 (quotation marks and citation omitted). Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts. *Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.,* 992 F.2d 1171, 1174 (11th Cir. 1993).

B.   **Claim under Section 1692e**

The Plaintiff claims the Defendant violated 15 U.S.C. § 1692e of the FDCPA because the Defendant's July 11, 2017 letter, which identified the Defendant as "Jason A. Craig & Associates, Attorneys at Law," misled the Plaintiff into believing the Defendant was "a law firm composed of many attorneys" when the Defendant was actually composed of a single attorney. *See generally* Doc. 1. Section 1692e provides that a debt collector[1] may not "use any false, deceptive, or misleading representation or means in connection with the collection of any debt." To determine whether a debt collector's communication violates § 1692e, the Court applies a "least-sophisticated consumer" standard. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193 (11th Cir. 2010) (citation omitted). Under this standard, the inquiry is not whether the particular plaintiff-consumer was deceived or misled but rather whether the "'least sophisticated consumer' would have been deceived" by the debt collector's conduct. *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1177 n.11. Whether the least sophisticated consumer would be misled by a particular communication "is a question of law that may be resolved in a Rule 12(b)(6) motion." *Smith v. Lyons, Doughty & Veldhuius, P.C.*, 2008 WL 2885887, at *3 (D.N.J. July 23, 2008) (citations omitted); *see Galuska v. Collectors Training Inst. of Ill., Inc.*, 2008 WL 2050809, at *3 (M.D. Pa. May 13, 2008) ("Whether a communication is misleading under the FDCPA presents a question of law for the court; disputed facts must be resolved by a jury."). The least sophisticated consumer is

---

[1] The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce . . . in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The Defendant does not seem to dispute its status as a "debt collector" within the meaning of the FDCPA.

presumed to possess "a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *LeBlanc*, 601 F.3d at 1194 (quotation marks and citation omitted). However, the standard has an objective component in that while it protects naïve consumers, it also "prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness." *Id.* (quotation marks and citations omitted).

As an initial matter, the Defendant argues that its use of the name "Jason A. Craig & Associates" in its July 11, 2017 letter is "demonstrably accurate" because that name was duly registered with the Georgia Secretary of State at the time the letter was sent. Doc. 11-1 at 4. In response, the Plaintiff "does not dispute" that the name listed on the collection letter was the name of the Defendant's firm as registered with the Georgia Secretary of State. Doc. 14 at 5. Although it is unclear from the Plaintiff's complaint whether he is bringing a § 1692e claim based on the Defendant's alleged use of a false name, the Plaintiff states in his brief that he "does not claim that the representation on the Dunning letter was false." *Id.* Rather, the Plaintiff claims that "the name of the Defendant law firm, as represented on the Dunning letter, is deceptive and/or misleading."[2] *Id.* Thus, the Plaintiff's § 1692e claim is limited to whether the Defendant's representation in the letter was deceptive and/or misleading.

The Defendant contends that even if its name on the letter was deceptive and/or misleading, that does not rise to the level of material misrepresentation to be actionable under § 1692e. Doc. 11-1 at 8. This argument is contingent on the Court applying a

---

[2] In his response brief, the Plaintiff states that the "Defendant's false and/or misleading name would be likely to influence a consumer's actions." Doc. 14 at 7. The Court assumes the Plaintiff intended to say "deceptive" rather than "false."

materiality requirement to actions under § 1692e.  Both parties correctly note that the Eleventh Circuit has not yet adopted the materiality requirement for claims brought under the FDCPA, specifically, § 1692e.  Docs. 11-1 at 5; 14 at 7.  However, many courts, including district courts in this circuit, have.  *See, e.g.*, *Hahn v. Triumph P'ships, LLC*, 557 F.3d 755, 757 (7th Cir. 2009) ("We do not see any reason why materiality should not equally be required in an action based on § 1692e."); *Jensen v. Pressler & Pressler*, 791 F.3d 413, 421 (3rd Cir. 2015) ("Because we view the materiality requirement as a different way of expressing the least sophisticated debtor standard, we are satisfied that adopting a materiality requirement for claims brought under § 1692e is consistent with Congress's intent in this regard."); *Miljkovic v. Shafritz and Dinkin, P.A.*, 2014 WL 3587550, at *8 (M.D. Fla. July 18, 2014) (citation omitted) ("Additionally, to state a § 1692e claim, the plaintiff must allege that the conduct was materially misleading.").  The Court agrees "the materiality requirement is a corollary of the least sophisticated debtor standard" and that only material misrepresentations are actionable under § 1692e.  *Jensen*, 791 F.3d at 421.

A debt collector's statement or representation is material if it can influence the decision or ability of the least sophisticated consumer to pay.  *Id.*; *Miljkovic*, 2014 WL 3587550, at *8.  "[T]his is not a particularly high bar."  *Jensen*, 791 F.3d at 421.  Accordingly, a misstatement is only actionable under § 1692e if it could objectively affect the decision-making process of the least sophisticated consumer.  *Powell v. Palisades Acquisition XVI, LLC*, 782 F.3d 119, 126 (4th Cir. 2014) (citations omitted).

Contrary to the Defendant's assertion, the Court finds the Plaintiff has alleged sufficient facts suggesting that the Defendant's misrepresentation of its name as a firm

with multiple attorneys is material in the eyes of the least sophisticated consumer. Given that at this stage all well-pleaded facts are accepted as true, the question becomes, why would a debt collector, in its collection letter to a debtor, represent itself as a law firm with multiple attorneys knowing it is actually a single-attorney law firm? The question is largely rhetorical, but it serves to highlight the materiality of the Defendant's misrepresentation.

As the Plaintiff alleges in his complaint, one reason the Defendant would use "Jason A. Craig & Associates, Attorneys at Law" as its name would be to intimidate the least sophisticated consumer, including the Plaintiff, into paying the debt. Doc. 1 at 1. Drawing all reasonable inferences from the facts in the light most favorable to the Plaintiff, the Court finds plausible that the misrepresentation of having more than one attorney in the law firm could have objectively affected the decision-making process of the least sophisticated consumer. For example, the least sophisticated consumer may have read the letter, particularly the portion that gave a warning that the Defendant's client "may consider remedies to recover the balances due, which will include attorney review of your account," and believed he or she had to pay the debt and forgo any valid defense because the client may bring a lawsuit with the help of not one but a team of lawyers reviewing the account. Accordingly, at this stage without additional evidence, the Court cannot conclude as a matter of law that the Defendant's use of its name—Jason A. Craig & Associates, Attorneys at Law—is not material.[3]

---

[3] To support his § 1692e claim, the Plaintiff also asks the Court to take judicial notice of Formal Advisory Opinion 16-3 of the State Bar of Georgia, which prohibits a sole practitioner from using a firm name that includes "& Associates" because it would incorrectly imply that the sole practitioner practices with other lawyers. Docs. 14 at 6; 14-1. In response, the Defendant argues that a violation of a rule of professional conduct is not "a per se violation of the Fair Debt Collection Practices Act." Doc. 15 at 4. That is true.

## III. CONCLUSION

For the foregoing reasons, the Defendant's motion (Doc. 11) is **DENIED**.

**SO ORDERED**, this 29th day of January, 2019.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

However, while a violation of a rule of professional conduct does not establish liability as a matter of law, it can serve as evidence of deceptive conduct to support an FDCPA claim. *Miller v. Knepper & Moga, P.C.*, 1999 WL 977079, at *3 (N.D. Ill. Oct. 22, 1999) (citation omitted) ("[S]uch a violation [of the rules of professional conduct] may be relevant to whether or not [the Defendant] attempted to deceive debtors with the letter at issue."). And on a practical level, it is significant that the State Bar of Georgia thinks it important to bar such misrepresentations of firm names.